J-S56036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD JOSEPH MARSOLICK, | |
| Appellant | No. 269 MDA 2016 |

Appeal from the PCRA Order January 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005176-2011

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 19, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Berks County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history have been aptly set forth, in part, by the PCRA court as follows:

> The offenses in this case occurred in the evening, sometime between November 1, 2001, and November 4, 2001, in Cab Frye's Motel in Hereford Township, Berks County, Pennsylvania, where Appellant engaged in deviate sexual intercourse with his six-year-old daughter and a nine-year-old neighbor[,] who were staying at the motel because of a power outage in their neighborhood. Appellant was the adult responsible for taking care of these girls.  Appellant was 39 years old at the time.
>
> Appellant was charged [with various crimes, and on] February 16, 2012, following a guilty plea to two counts of

*Former Justice specially assigned to the Superior Court.

Involuntary Deviate Sexual Intercourse with a Child, an assessment of Appellant by the State Sexual Offenders Assessment Board was ordered. On May 15, 2012, Appellant was found to be a sexually violent predator and was sentenced, in accordance with the negotiated plea agreement, to not less than ten nor more than twenty years incarceration in a state correctional facility, for each count, said sentences to run concurrently, with credit for 177 days time served, fines, and restitution. He was also notified of his duty to register for the rest of his life. Appellant was represented by Ryan Bialas, Esquire, during these proceedings. [Appellant filed neither a post-sentence motion nor a direct appeal.]

On October 23, 2012, Appellant filed a [PCRA] petition *pro se* and was appointed PCRA counsel. On February 18, 2014, PCRA counsel filed a "No Merit" letter and was permitted to withdraw. After giving Notice of Intent to Dismiss [Appellant's] petition without a hearing, Appellant's first PCRA petition was dismissed on May 15, 2014.

PCRA Court Opinion, filed 4/5/16, at 1-2.

On November 16, 2015, Appellant filed a second *pro se* PCRA petition,[1] and by order entered on December 4, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing on the basis it was untimely filed. On December 23, 2015, Appellant filed a *pro se* response,[2] and by order entered on January 4,

_____

[1] Although Appellant's *pro se* PCRA petition was docketed on November 19, 2015, the prison envelope in which Appellant's petition was mailed bears a time stamp of November 16, 2015. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's PCRA petition to have been filed on November 16, 2015. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

[2] Under the prisoner mailbox rule, although Appellant's *pro se* response was docketed on December 29, 2015, we deem it to have been filed on
*(Footnote Continued Next Page)*

2016, the PCRA court dismissed Appellant's second PCRA petition. Thereafter, by order entered on January 19, 2016, clarifying it had considered Appellant's *pro se* response, the PCRA court entered an amended order again dismissing Appellant's second PCRA petition.[3] This timely *pro se* appeal followed.

In his sole issue on appeal, Appellant complains that his sentence is illegal because the applicable mandatory sentencing statute, 42 Pa.C.S.A. § 9718, has been ruled facially unconstitutional. **See** Appellant's Brief at 2.[4]

Preliminarily, we must determine whether Appellant's second PCRA petition was timely filed. **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is

*(Footnote Continued)* ───────────

December 23, 2015, when Appellant provided the response to prison officials for mailing purposes. **See Patterson**, **supra**.

[3] We note that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Accordingly, pursuant to Section 5505, the PCRA court had the power to enter an amended order on January 19, 2016, which was within 30 days of the entry of the initial order on January 4, 2016. Thus, Appellant's notice of appeal, which pursuant to the prisoner mailbox rule we deem to have been filed on February 10, 2015, was timely filed. **See** Pa.R.A.P. 903(a) (indicating notice of appeal must be filed within 30 days of after entry of order from which appeal is taken).

[4] In **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), relying upon **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), this Court held Section 9718 is void in its entirety and facially unconstitutional. During the pendency of the instant appeal, our Supreme Court affirmed this Court's decision. **See Commonwealth v. Wolfe**, ___ A.3d ___, 2016 WL 3388530 (Pa. filed 6/20/16).

clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

- 4 -

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within 60 days of the date the claim could have first been presented. *Commonwealth v. Edmiston*, 619 Pa. 549, 65 A.3d 339 (2013). *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant did not file a direct appeal from his May 15, 2012, judgment of sentence, which was entered after he pled guilty before the trial court. Thus, his judgment of sentence became final on June 14, 2012, thirty days following the imposition of his sentence. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Since Appellant filed the current PCRA petition on November 16, 2015, more than three years after his judgment of sentence became final, the petition is patently untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa-Taylor*, 562

Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant does not invoke any exception. Rather, he insists that his issue relates to the legality of his sentence and maintains that such an issue cannot be waived. He acknowledges the PCRA court found his petition to be "time-barred," but he argues this is contrary to the law since the issue of legality of sentence cannot be time-barred. **See** Appellant's Brief at 2 (wherein Appellant indicates his issue has "no 'time-bar' and is 'non-waivable'"). However, Appellant's arguments have no support under the PCRA or in our courts' legal precedent.

The mandates of the PCRA are clear. "The PCRA's untimeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." **Commonwealth v. Jones**, 617 Pa. 587, 54 A.3d 14, 17 (2012) (citations omitted). As our Supreme Court has indicated with regard to a legality of sentencing claim specifically, "[a]lthough [the] legality of [a] sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**,

558 Pa. 313, 737 A.2d 214, 223 (1999).[5]  Accordingly, we conclude the PCRA court properly dismissed Appellant's second PCRA petition.

For all of the aforementioned reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016

---

[5] We note that, in its appellee's brief, the Commonwealth suggests Appellant's argument is an attempt to invoke the new constitutional right exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), in light of **Alleyne**, **supra**, and its progeny.  However, in his reply brief, Appellant disavows the Commonwealth's characterization of his argument and indicates his "case has nothing to do with **Alleyne**."  Appellant's Reply Brief at 1-2.  Rather, he insists that, because his issue is a non-waivable sentencing claim, the PCRA court should have granted him relief.